UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

WILLIAM LANDES,                           No. 2:12-cv-01252-MCE-KJN

     Plaintiff,

  v.                                       MEMORANDUM AND ORDER

SKIL POWER TOOLS, et al.,

     Defendants.

----oo0oo----

Plaintiff William Landes ("Plaintiff") initiated this action to recover for injuries suffered by Plaintiff during the operation of a table saw designed, manufactured and sold by Defendants Skil Power Tools ("Skil Power Tools"), Robert Bosch Tool Corporation ("Robert Bosch"), Lowe's HIW, Inc. (hereafter, "Lowe's"), and Lowe's Companies, Inc. ("Lowe's Companies"), (collectively, "Defendants").[1]

///

///

---

[1] Defendants Skil Power Tools and Lowe's, Inc., are in the process of being dismissed via stipulation of the parties. See ECF No. 28).

1

Presently before the Court are a Motion to Dismiss Plaintiff's fifth cause of action for breach of implied warranty and a Motion to Strike Plaintiff's punitive damages allegations filed by Lowe's. For the reasons set forth below, Lowe's Motions are GRANTED with leave to amend.[2]

## BACKGROUND[3]

According to Plaintiff, Defendants Skil Power and Robert Bosch designed and manufactured for sale a 10-inch portable table saw, namely the SkilSaw Model Number 3305 ("SkilSaw"). Skil Power and Robert Bosch sold the SkilSaw to the Lowe's Defendants for distribution at their Stockton retail Lowe's Home Improvement store.

In approximately March of 2010, the Lowe's Defendants sold the SkilSaw to Plaintiff. On April 14, 2012, while operating that saw, Plaintiff was severely injured, suffering lacerations and completely severing all or part of two of his fingers.

Plaintiff avers that Skil Power and Robert Bosch knew of and failed to utilize safer technology in the manufacture of their saws.

///
///
///

---

[2] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing. E.D. Cal. Local Rule 78-230(h).

[3] Unless otherwise stated, the following facts are derived, at times verbatim, from Plaintiff's Complaint.

More specifically, Plaintiff alleges that flesh-detection technology has been available for years, that such technology would stop a saw blade immediately upon touching human flesh, and that Defendants failed to take advantage of this technology to make their product safer.

In light of his injuries, Plaintiff initiated the instant action in state court on April 6, 2012, alleging the following causes of action: 1) negligence (against Skil Power and Robert Bosch); 2) strict products liability (against Skil Power and Robert Bosch); 3) breach of implied warranty (against Skil Power and Robert Bosch); 4) negligence (against Lowe's and Lowe's Companies); and 5) breach of implied warranty (against Lowe's and Lowe's Companies).  Defendants thereafter removed the case to this Court and filed various Motions to Dismiss and Motions to Strike.  The only Motions remaining before the Court are Lowe's Motion to Dismiss Plaintiff's fifth cause of action for breach of implied warranty and Motion to Strike Plaintiff's punitive damages allegations.  For the following reasons, both Motions are GRANTED with leave to amend.

///
///
///
///
///
///
///
///
///

**STANDARD**

**A.   Motion to Dismiss Pursuant to Rule 12(b)(6).**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6),[4] all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the...claim is and the grounds upon which it rests.'" Bell. Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. Id. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). The Court also is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."

---

[4] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

4

In re Gilead Sciences Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (internal citations and quotations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.

Furthermore, "Rule 8(a)(2)...requires a 'showing,' rather than a blanket assertion, of entitlement to relief."  Twombly, 550 U.S. at 556 n.3 (internal citations and quotations omitted).  "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."  Id. (citation omitted).  A pleading must contain "only enough facts to state a claim to relief that is plausible on its face."  Id. at 570.  If the "plaintiffs...have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."  Id.  However, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'"  Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant a leave to amend.  Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant,...undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment...."  Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend).

1  Dismissal without leave to amend is proper only if it is clear
2  that "the complaint could not be saved by any amendment." <u>Intri-</u>
3  <u>Plex Techs., Inc. v. Crest Group, Inc.</u>, 499 F.3d 1048, 1056 (9th
4  Cir. 2007) (internal citations and quotations omitted).

6      **B.**    **Motion to Strike Pursuant to 12(f).**

8      The Court may strike "from a pleading any insufficient
9  defense or any redundant, immaterial, impertinent, or scandalous
10 matter." Fed. R. Civ. Pro. 12(f). The "function of a 12(f)
11 motion to strike is to avoid the expenditure of time and money
12 that must arise from litigating spurious issues by dispensing
13 with those issues prior to trial...." <u>Sidney-Vinstein v. A.H.</u>
14 <u>Robins Co.</u>, 697 F.2d 880, 885 (9th Cir. 1983). "Immaterial
15 matter is that which has no essential or important relationship
16 to the claim for relief or the defenses being pleaded." <u>Fantasy,</u>
17 <u>Inc. v. Fogerty</u>, 984 F.2d 1524, 1527 (9th Cir. 1993) (<u>rev'd on</u>
18 <u>other grounds</u> <u>Fogerty v. Fantasy, Inc.</u>, 510 U.S. 517 (1994))
19 (internal citations and quotations omitted). "'Redundant'
20 allegations are those that are needlessly repetitive or wholly
21 foreign to the issues involved in the action." <u>California Dept.</u>
22 <u>of Toxic Substances Control v. Alco Pacific, Inc.</u>,
23 217 F. Supp. 2d 1028, 1032-33 (C.D. Cal. 2002).
24 ///
25 ///
26 ///
27 ///
28 ///

**ANALYSIS**

**A.    Lowe's Motion to Dismiss Plaintiff's Fifth Cause of Action for Breach of Implied Warranty of Merchantability.**

Lowe's moves to dismiss Plaintiff's fifth cause of action for Breach of the Implied Warranty of Merchantability. According to Lowe's, this cause of action fails because Plaintiff failed to allege he provided Lowe's with the requisite pre-suit notice of his claim. Lowe's is correct.

"To avoid dismissal of a breach of contract or breach of warranty claim in California, a buyer must plead that notice of the alleged breach was provided to the seller within a reasonable time after discovery of the breach." Alvarez v. Chevron Corp., 656 F.3d 925, 932 (9th Cir. 2011) (internal citations and quotations omitted). "The purpose of giving notice of the breach is to allow the breaching party to cure the breach and thereby avoid the necessity of litigating the matter in court." Id. Plaintiff includes no allegation in his Complaint indicating he provided any pre-suit notice of his claims to Lowe's, nor has he pointed the Court to any relevant authority indicating his claim is not subject to the notice requirements. See, e.g., Opposition, 7:22-26 (citing Keegan v. American Honda Motor Co., Inc., 838 F. Supp. 2d 929, 2012 WL 75443 15-16 (C.D. Cal.) (no requirement that a plaintiff provide notice to a non-defendant car dealership when filing suit against defendant care manufacturers)). Lowe's Motion to Dismiss Plaintiff's fifth cause of action is thus GRANTED with leave to amend.

**B.   Lowe's Motion to Strike Plaintiff's Punitive Damages Allegations.**

Lowe's moves to strike Plaintiff's punitive damages allegations pursuant to Rule 12(f).  Rule 12(f), however, is the improper vehicle by which to attack damages allegations. Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 974-75 (9th Cir. 2010).  Such attacks should instead be made pursuant to Rule 12(b)(6).  Id.  Accordingly, the Court construes Lowe's instant Motion as a second motion to dismiss and GRANTS that Motion with leave to amend.

California Civil Code § 3294 provides, in pertinent part, that "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant."  In this case, however, Plaintiff alleges only the most basic transaction-related facts as to Lowe's, facts that go nowhere to support the theory that Lowe's acted with "oppression, fraud, or malice."  Indeed, while Plaintiff alleges that the conduct of Defendants Skil Power and Robert Bosch "was reckless and in conscious disregard for consumers," see, e.g., Complaint, ¶ 35, no such allegations, conclusory as they may be, are made with respect to Lowe's.  As alleged, the Complaint thus fails to state a claim for the recovery of punitive damages against Lowe's.  Accordingly, Defendant's Motion to Strike, which this Court construes as a Motion to Dismiss pursuant to Rule 12(b)(6), is GRANTED with leave to amend.

///

**CONCLUSION**

For the reasons stated above, Lowe's Motion to Dismiss and Motion to Strike are GRANTED with leave to amend. Not later than twenty (20) days following the date this Memorandum and Order is electronically filed, Plaintiff may (but is not required to) file an amended complaint. If no amended complaint is filed within said twenty (20) day period, without further notice to the parties, the causes of action dismissed by virtue of this Memorandum and Order will be dismissed with prejudice.

IT IS SO ORDERED.

Dated: July 13, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE